## 25

Ruth E. Hoover
vs.　　　　　No. 41112
Rhode Island Company
November 8, 1917

TANNER, P. J. This is an action on the case for injuries to the plaintiff through the alleged negligence of the defendant company in not assisting the plaintiff in alighting from a car.

We think the declaration, in alleging that the plaintiff was a large heavy woman and had both hands heavily encumbered when alighting and that the conductor was upon the rear platform from which she alighted with nothing to prevent him from observing her situation, states the case for consideration of the jury as to whether or not the circumstances made it the duty of the defendant company to assist the plaintiff.

The demurrer is therefore overruled.

For plaintiff: Sullivan & Sullivan.
For defendant: Clifford Whipple, E. A. Sweeney.

---

## 26

Francisco Amalfitano
vs.　　　　　No. 41166
Pasquale Ambrosini et al.
November 15, 1917

BARROWS, J. Heard on demurrer to the declaration.

The declaration purports to be brought under General Laws, Chap. 283, Sec. 26, but does not comply with that section. When counsel are uncertain whether to bring debt or assumpsit, they have the privilege of bringing either and joining a count in the other, but not of making their declaration sound in the same count on both debt and assumpsit. This defect is formal, however, and may be amended. This Court has so held in a rescript by Justice Tanner entitled Morris R. O'Neill vs. Jeanette W.

Moss Smith, No. 22699. As this defect applies to all of the counts, the demurrer on this ground is sustained.

The only question argued at the hearing was whether the plaintiff must bring suit against the principal before proceeding on the bond.

We find nothing in the condition of the bond to support this claim. In fact, the portion of the bond which purports to be a condition is only so by indirection, and one is left in doubt as to just what the document means. Perhaps by implication it may not be unfair to hold that it means that if the building was completed according to contract, then the bond should be null. We are not called upon, however, at this time to pass on the meaning of the so-called bond.

We sustain the demurrer on the ground of misjoinder of debt and assumpsit and overrule it on all other grounds.

We suggest, however, that the amended declaration should state the

## 27

condition which is alleged to have been broken, in view of the uncertainty as to what, if any, condition the bond contains. Plaintiff may have ten days to amend and defendant ten days thereafter to plead or demur.

For plaintiff: Bellin & Bellin.
For defendants: B. Cianciaruolo.